IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PHILIP BUMPUS | ) | |
| | ) | |
| v. | ) | No. 3:12-0541 |
| | ) | |
| ANDREW M. SAUL | ) | |
|     Commissioner of | ) | |
|     Social Security | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the undersigned for all further proceedings pursuant to the consent of the parties and referral from the District Judge in accordance with 28 U.S.C. § 636(c). *See* Docket Entry ("DE") 22. Currently pending is counsel for Plaintiff's petition[1] for an award of attorney's fees pursuant to 42 U.S.C. § 406(b), in which counsel requests an award of $14,296.50. DE 29 at 1. Defendant has indicated that it neither supports nor opposes this request. DE 35 at 1. For the reasons that follow, Plaintiff's petition (DE 29) is **DENIED**.[2]

## I. BACKGROUND

On March 27, 2017, the Court entered an order and accompanying memorandum opinion granting Plaintiff Phillip Bumpus' motion for judgment on the administrative record, which reversed the decision of the Social Security Administration denying Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") and remanded the case to the

---

[1] The pending request for attorney's fees is presented as a petition but is referred to herein interchangeably as a petition and a motion.

[2] The Court previously entered an order requiring the parties to file a notice by July 31, 2019 indicating whether Plaintiff opposed Defendant's motion for an extension of time in which to file a response to Plaintiff's petition. *See* DE 34 at 1-2. Defendant proceeded to file a response on July 29, 2019, which noted that Plaintiff expressed no objection to an extension. *See* DE 35 at 1. Defendant's motion (DE 32) is therefore GRANTED as part of this memorandum opinion and order.

Commissioner for further proceedings. *See* DE 23, 24. Following entry of that order, counsel for Plaintiff, David C. Downard, filed a motion for attorney's fees in the amount of $2,574.50 under the Equal Access to Justice Act ("EAJA"), which was granted. *See* DE 26, 28.

Unfortunately, Mr. Downard passed away in the interim between the EAJA award and the current motion. On May 2, 2019, Joseph Dalton, Jr., who purports to be the "managing attorney for Downard & Associates" (DE 29 at 1), filed the instant motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Counsel attaches to his motion exhibits indicating that on March 2, 2018, following remand to the Commissioner, Plaintiff received a fully favorable decision and was awarded $87,492.00 in past-due benefits. *See* DE 29-8. The Commissioner has withheld $16,871.00 from that award, which is described as "the balance of 25 percent of the past due benefits payable to Phillip Bumpus" for purposes of paying attorney's fees resulting from this favorable decision (DE 29-4), as contemplated by 42 U.S.C. § 406(b)(1)(A).

## II. LEGAL PRINCIPLES AND DISCUSSION

A brief discussion of the methods by which attorney's fees are awarded is warranted in this case. There are three statutory provisions that address payment of fees to attorneys who represent claimants in social security appeals. The first is the EAJA, 28 U.S.C. § 2412(d), which authorizes district courts to require the United States to pay an award of attorney's fees to a "prevailing party" in a civil action against the United States or one of its agencies, such as the Social Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). A claimant who wins a remand at the federal level is deemed a "prevailing party" regardless of whether the claimant ultimately receives benefits from the Commissioner, and an EAJA award does not impact the amount in past-due benefits received by the claimant since the cost of the award is borne by the Social Security Administration.

The second provision is found in 42 U.S.C. § 406(a), which covers work performed by the claimant's representative at the administrative level. Unlike EAJA fees, an award under § 406(a) allows an attorney to recover a portion of any past-due benefits awarded to a claimant following a favorable decision by an administrative law judge ("ALJ"). *See* 42 U.S.C. § 406(a)(2)(A). This provision authorizes the Commissioner, and not the district court, to award fees that generally total no more than $6,000.00. *See Tibbetts v. Comm'r of Soc. Sec.*, No. 1:12-cv-894, 2015 WL 1637414, at *2-3 (S.D. Ohio Apr. 13, 2015).[3]

The last provision involving attorney's fees and the one relevant to the instant motion is contained in 42 U.S.C. § 406(b), which allows a claimant's representative to recover attorney's fees of up to 25 percent of past-due benefits for work performed in federal court as part of a social security appeal. Such an award is only available to counsel when a claimant receives a favorable decision from an ALJ following remand from federal court. *Id.* § 406(b)(1)(A). Because the award reduces the amount of past-due benefits recovered by the claimant, it generally must be memorialized by a fee agreement, usually one of a contingency nature, entered into by both the claimant and the attorney. *Tibbetts,* 2015 WL 1637414, at *2. Moreover, counsel may apply for fees under both the EAJA and 42 U.S.C. § 406(b) but must refund to the claimant whichever of the two amounts is smaller. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

This Court is required to examine the "reasonableness" of the fee requested under § 406(b) even if not opposed by the Commissioner. *Gisbrecht*, 535 U.S. at 807. This is especially important since the Commissioner does not have a "direct financial stake" in the disbursement of any funds under § 406(b), and instead plays a trustee-like role in the process. *Id*. at 798, n.6. Any

---

[3] The statute actually holds that the attorney's fee is limited to the lesser of 25 percent of the total amount of past-due benefits or $4,000. *See* 42 U.S.C. § 406(a)(2)(A). However, the Commissioner is permitted to increase this dollar amount so long as the increase does not "exceed the rate of increase in primary insurance amounts" as computed under 42 U.S.C. § 415(i) (*id.*), which explains the *Tibbetts* court's $6,000.00 approximation.

contingency fee agreement existing between the requesting attorney and the claimant that calls for the attorney to receive 25 percent of a claimant's past-due benefits award is "given the weight ordinarily accorded a rebuttable presumption." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990). However, it remains this Court's role to review any such fee arrangement "as an independent check[] to assure that [it] yields reasonable results," *Gisbrecht*, 535 U.S. at 807, which can result in reduction of the award based on "improper conduct or ineffectiveness of counsel" or in situations where the attorney would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). Other factors in considering the reasonableness of a fee agreement include the effective hourly rate, the timeliness of the motion requesting attorney's fees, the Commissioner's opposition or lack thereof, and the "brevity" and/or "relative simplicity" of the representation provided by counsel. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 310 (6th Cir. 2014).

Bearing these principles in mind, the Court notes several problems with Mr. Dalton's petition. First, the request is clearly untimely. The Local Rule pertaining to attorney's fees in social security cases, which is more lenient than Fed. R. Civ. P. 54(d)(2)'s general mandate that motions for attorney's fees be filed within 14 days after entry of judgment, requires that any request for fees under § 406(b) be filed within 30 days after counsel "has received all of the Notices of Award that are necessary to calculate the total amount of retroactive benefits payable." LR 54.01(b)(3)(B). The Notice of Award following remand in this matter, which contained the amount in past-due benefits owed to Plaintiff, was issued on May 23, 2018, almost one year prior to counsel's filing of the current motion on May 2, 2019. *See* DE 29-3. The Commissioner later advised counsel's office that 25 percent of Plaintiff's past due benefits,

$16,871.00, was being withheld specifically for § 406(b) purposes on February 25, 2019, which is still 66 days before the current motion was filed. DE 29-4 at 2. Such a delay is not necessarily fatal to Mr. Dalton's petition, particularly in light of Mr. Downard's passing,[4] based on the Local Rule's provision that untimely motions may be considered "only upon a showing of good cause for the delay." LR 54.01(b)(3)(B). Mr. Dalton's brief, however, contains no such showing.[5]

Second, Mr. Dalton attaches as an exhibit to his brief a fee agreement in place when Mr. Downard was retained to represent Plaintiff in this case, which is labeled "Agreement for Representation Before the Social Security Administration." *See* DE 29-5. Conspicuously absent from this agreement is any reference to fees derived from representation for legal work performed in federal court under 42 U.S.C. § 406(b).

The arrangement instead contemplates fees related to 42 U.S.C. § 406(a) only, stating that "fees being paid by the Client to Downard & Associates will be subject to approval by the *Social Security Administration*" and shall represent the lesser of 25 percent of the total past-due benefits award or "the dollar amount as provided by 42 U.S.C. § *406(a)(2)(A)*." DE 29-5 at 2

---

[4] The Court notes, however, that Mr. Downard's January 2019 passing would not provide procedural shelter regardless since the billing records attached to Mr. Dalton's brief indicate that counsel's office was aware of the Commissioner's letter concerning the $16,871.00 in withheld benefits on March 13, 2019, which is 50 days before the instant motion was filed. DE 29-6 at 4. Counsel's silence on the timing of the request, despite Defendant's raising of the issue in its responsive brief (DE 35 at 2), is vexing given that he faced this exact situation in a separate case before this Court and was granted reprieve from his failure to comply with the Local Rule. *See Arnold v. Comm'r of Soc. Sec.*, No. 3:13-cv-0197, DE 39.

[5] The Court also notes, with a not small amount of frustration, counsel's continued failure to comply with Local Rule 7.01(a)(1). Despite the Court's entry of an order giving counsel an opportunity to remedy his initial failure to contact opposing counsel before filing his petition (*see* DE 34), Defendant's brief makes clear that no such curative measures were undertaken. *See* DE 35 at 1 (stating that counsel for Defendant conferred with "Plaintiff's paralegal staff"). The order, which effectively gave counsel a mulligan (DE 34 at 1), specifically quotes the Local Rule's requirement that "*counsel* for the moving party" confer with all other counsel involved in the subject case. LR 7.01(a)(1) (emphasis added). Such indifference to both the Local Rules and this Court's orders is truly baffling considering the amount of money at stake in this matter.

(emphasis added). As discussed above, this Court is without any authority to award attorney's fees for proceedings before the Social Security Administration pursuant to 42 U.S.C. § 406(a). *Cf. Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455, 458 (6th Cir. 2016) (noting that § 406(b) permits recovery of fees for court representation). *See also Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) ("[E]ach tribunal may award fees only for the work done before it."). At best, this presents an obstacle to any consideration by the Court of the "reasonableness" of any fee agreement involving counsel's work before this Court. *Bluer v. Comm'r of Soc. Sec.*, No. 1:13-cv-22, 2015 WL 7106935, at *2 (W.D. Mich. Nov. 13, 2015) ("In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel.") (citing *Gisbrecht*, 535 U.S. at 807). At worst, the lack of an appropriate fee agreement precludes recovery of fees under § 406(b). *Rodriquez*, 865 F.2d at 746 (noting that when evaluating a petition for fees under § 406(b), the court "should [] look to whether a fee agreement has been executed by the claimant and the claimant's attorney").

Finally, Mr. Dalton holds himself out as the "managing attorney for Downard & Associates," yet requests fees "on behalf of the estate of David Downard based on the fees due to David Downard[.]" DE 29 at 1. As noted in Defendant's response, there is no indication in Mr. Dalton's filing that he in fact represents the executor of Mr. Downard's estate.[6] This is not insignificant given the Commissioner's policy that in the event of a claimant's representative's death prior to receipt of payment for services to which the claimant is entitled, the Commissioner will "certify direct payment ... only to the executor or other person the State recognizes as the representative of the deceased representative's estate." Program Operations Manual GN 03940.009(B), *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0203940009 (last visited

---

[6] As noted above, Mr. Dalton elected not to file a reply to Defendant's response to address this concern, which was permitted as a matter of course under Local Rule 7.01(a)(4) and certainly would have been useful to the Court.

August 21, 2019). Mr. Dalton makes no such proffer and instead, confusingly, relies on a document entitled "Affidavit of David C. Downard" that merely recites Mr. Downard's experience representing social security applicants but is electronically signed by Mr. Dalton. *See* DE 29-9. The document is not notarized, nor does it contain even the basic requirement that the executing party declare that the allegations contained therein are true under perjury of law. *See* 28 U.S.C. § 1746.[7] It therefore carries little weight in the Court's analysis.

Based on the foregoing, the Court finds no basis on which to grant attorney's fees to or as requested by Mr. Dalton in this matter. The decision whether to award attorney's fees under 42 U.S.C. § 406(b) is left to the sound discretion of the district court and any decision is reviewed on appeal under the deferential abuse of discretion standard. *Hale v. Comm'r of Soc. Sec.*, No. 1:09-cv-318, 2011 WL 5920914, at *1 (W.D. Mich. Oct. 25, 2011), *report and recommendation adopted,* 2011 WL 5920769 (W.D. Mich. Nov. 28, 2011) (citing *Damron v. Comm'r of Soc. Sec.,* 104 F.3d 853, 856 (6th Cir. 1997)). The Court does not take such discretion lightly, particularly given that any award under this provision would substantially reduce the past-due benefits retained by Plaintiff. Here, the petition fails to demonstrate entitlement to fees under § 406(b) in all respects—the fee request is untimely, no evidence of a relevant fee agreement is provided, and there is no showing, either factually or legally, that fees can be awarded as requested. The Court can only speculate whether there might be a supportable factual or legal basis upon which fees can be awarded under § 406(b) in this case. Counsel was given plenty of opportunity to gather and assemble whatever materials might exist to sustain a § 406(b) fee request. Without that information, the Court simply cannot convert the shoddy craftsmanship

---

[7] The Court also notes that unsworn affidavits are generally precluded from consideration in other situations. *See, e.g., Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 481 (6th Cir. 2008) (unsworn affidavits are not properly considered on a motion for summary judgment); *Bonds v. Cox*, 20 F.3d 697, 702 (6th Cir. 1994) (unsworn affidavits are "technically deficient" and should not be considered on a motion to reconsider).

of the instant petition into an edifice capable of withstanding scrutiny, even under the deferential standard afforded the Court's decision. Nor would the Court undertake such an attempt given the financial stake for Plaintiff. To do so would most surely be an abuse of discretion.

The Court pauses to emphasize that an award of $6,564.50 in attorney's fees by way of the EAJA and § 406(a) was already made in this case. *See* DE 28; DE 29-4 at 2. This is not a trivial amount, especially when considering the uninspiring brief filed by counsel in support of Plaintiff's motion for judgment on the administrative record. *See* Memorandum Opinion, DE 23, at 13 (noting the "paucity" of Plaintiff's argument regarding the treating physician rule); *id.* at 20 (noting Plaintiff's failure to recognize the applicable Social Security Ruling regarding the disability onset date despite alleging error by ALJ in calculating the disability onset date); *id.* at 21 (noting Plaintiff's failure to identify any evidence to demonstrate violation of the Social Security Rulings alleged to have been violated).

For all these reasons, to ensure that "reasonable results" are yielded in this particular case, *Lasley*, 771 F.3d at 309 (internal citation omitted), the instant motion for attorney's fees under 42 U.S.C. § 406(b) (DE 29) is DENIED.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge